1 | DAVID L. ANDERSON (CABN 149604)
  | United States Attorney
2 |
3 | HALLIE HOFFMAN (CABN 210020)
  | Chief, Criminal Division
4 | YOOSUN KOH  (NYBN 5245220)
  | Assistant United States Attorney
5 |
6 | 450 Golden Gate Avenue, Box 36055
  | San Francisco, California 94102-3495
  | Telephone: (415) 436-7034
7 | FAX: (415) 436-7234
  | Yoosun.koh@usdoj.gov
8 |
  | Attorneys for United States of America
9 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 20-cr-00010-RS |
|---|---|
| Plaintiff, | ) STIPULATION AND ORDER CONTINUING |
|  | ) CHANGE OF PLEA OR TRIAL SETTING |
| v. | ) HEARING AND EXCLUDING TIME UNDER |
|  | ) THE SPEEDY TRIAL ACT |
| CAROLYN POWELL, | ) |
| Defendant. | ) |

A change of plea or trial setting hearing is scheduled in this case for January 5, 2021. Counsel for the United States and counsel for the defendant, Carolyn Powell, jointly stipulate and request that the hearing be continued to February 2, 2021 and that time be excluded under the Speedy Trial from January 5, 2021 to February 2, 2021.

At the status conference held on December 1, 2020 the government and counsel for the defendant agreed that time be excluded under the Speedy Trial Act so that defense counsel can continue to prepare, including by reviewing discovery. At the time, the government represented to the Court that it was aware of additional criminal conduct by Ms. Powell, but that it could not disclose specifics because of the risk of alerting potential co-defendants. On November 18, 2020, Carolyn Powell was

charged by complaint with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. *See United States v. Bennie Powell Jr. et al.*, 3:20-MJ-71681-MAG-3. Ms. Powell had her Initial Appearance before Magistrate Judge Laurel Beeler on December 16, 2020, at which Nathan Peterson was appointed to represent her. The government has produced discovery and continues to produce discovery to defense counsel in the above-mentioned case, and defense counsel needs time to prepare, including by reviewing the discovery already produced. The parties also need additional time to confer and discuss a potential plea agreement that resolves both the pending mail theft charge in the above-captioned case and the new conspiracy to commit bank fraud charge. For this reason and as further stated on the record at the status conference, the parties stipulate and agree that excluding time under the Speedy Trial Act from January 5, 2021 to February 2, 2021 will allow for effective preparation of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties further stipulate and agree that the ends of justice served by excluding time from January 5, 2021 to February 2, 2021 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

    The undersigned Assistant United States Attorney certifies that she has obtained approval from counsel for the defendant to file this stipulation, request, and proposed order.

    IT IS SO STIPULATED.

DATED: January 4, 2021                    /s/ *Yoosun Koh*
                                              YOOSUN KOH
                                              Assistant United States Attorney

DATED: January 4, 2021                    /s/ *Nathan Peterson*
                                              NATHAN PETERSON
                                              Attorney for the Defendant

**ORDER**

Based upon the facts set forth in the stipulation of the parties and the representations made to the Court on December 1, 2020 and for good cause shown, it is hereby ORDERED that the change of plea or trial setting hearing of January 5, 2021 is continued to February 2, 2021. The Court finds that failing to exclude the time from January 5, 2021 to February 2, 2021 would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time from January 5, 2021 to February 2, 2021 from computation under the Speedy Trial Act outweighs the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from January 5, 2021 to February 2, 2021, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: January 4, 2021

_____
THE HONORABLE RICHARD SEEBORG
United States District Judge